IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TRAVIS R. ROWLEY,

    Plaintiff,

v.                                                        No. 10-cv-01182-WJ-WDS

KEVIN MORANT, MICHAEL FOX, FRANK
FLORES, RAY SCHULTZ, KARI
BRANDENBURG, DAVID WAYMIRE, and
CITY OF ALBUQUERQUE,

    Defendants.

**MEMORANDUM OPINION AND ORDER
DENYING MOTION FOR DEFAULT JUDGMENT
and
GRANTING MOTION TO AMEND**

      THIS MATTER comes before the Court on Plaintiffs' Motion for Default Judgment (Doc. 19) and Plaintiff's Motion for Leave to Amend Complaint (Doc. 18). Plaintiff requests leave to amend his complaint to add another defendant, and also requests default judgment against Defendants Morant, Fox, Flores, Schultz, and the City of Albuquerque ("Defendants") for failure to file a timely answer. Defendants have filed a response to the motion for default judgment, but Plaintiff has not filed a reply. The time accorded by the local rules to file a reply brief has expired. Defendants have not filed a response to the motion to amend, and the time to file such a response has expired. No notices of extensions of time have been filed with the Court. The Court finds that Plaintiff has not satisfied the requirements for obtaining default judgment, and accordingly will deny the motion. The Court will deem the motion to amend to be unopposed, and accordingly will grant it.

I.      **Motion for Default Judgment**

"Rule 55 mandates a two-step process for a party who seeks a default judgment in his favor." *Williams v. Smithson*, 57 F.3d 1081 (10th Cir. 1995) (unpublished table decision). "First, the party wishing to obtain a default judgment must apprise the court that the opposing party has failed to plead or otherwise defend by requesting 'by affidavit or otherwise' that the clerk enter default on the docket." *Id.* (quoting Fed. R. Civ. P. 55(a)). "Second, following an entry of default by the clerk, '"the party entitled to a judgment by default shall apply to the court therefor."' *Id.* (quoting Fed. R. Civ. P. 55(b)(2)).

While no published case from the Tenth Circuit has held that this process is mandatory, the clear weight of authority holds that a party *must* seek entry of default by the clerk before it can move the court for default judgment. *See Garrett v. Seymour*, 217 F. App'x 835, 838 (10th Cir. 2007) (unpublished table decision) (rejecting the notion that a plaintiff was entitled to default judgment, on the grounds that "the clerk had not entered default under Rule 55(a), a *prerequisite* for the entry of a default judgment under Rule 55(b)(1)" (emphasis added)); *Olcott v. Del. Flood Co.*, 327 F.3d 1115, 1119 n.4 (10th Cir. 2003) (distinguishing the Rule 55(a) entry of default from the Rule 55(b) grant of default judgment); *see also City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114 (2d Cir. 2011) ("Rule 55 provides a 'two-step process' for the entry of judgment against a party who fails to defend: first, the entry of a default, and second, the entry of a default judgment."); *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783 (8th Cir. 1998) ("[E]ntry of default under Rule 55(a) must precede grant of a default judgment under Rule 55(b).").

In this case, Plaintiff has not sought an entry of default from the Clerk of Court. Therefore, his motion must be denied. Ordinarily, Plaintiff's motion would be denied without

prejudice to enable him to seek an entry of default from the Clerk, and then re-file his motion for default judgment with the Court. However, Defendants have indicated that they do not oppose Plaintiff's motion to amend the complaint, and will be filing an answer to the amended complaint. *See* Doc. 20 at 1. Therefore, Plaintiff is informed that a renewed motion for default judgment would not be appropriate in this case, assuming that Defendants file an answer within fourteen days of service of the amended complaint.

## II.     Motion to Amend the Complaint

Plaintiff has moved for leave to amend his complaint. Plaintiff represents that, "based on newly discover [sic] evidence," he has determined the identity of an additional police officer who was present at an interview allegedly conducted in violation of Plaintiff's civil rights. Doc. 18 at 2. Plaintiff therefore wishes to include that officer as a party defendant, and "include in [sic] allegations regarding the first police interview his conduct [sic] in violation of Rowley's civil rights." *Id.*

In response to Plaintiff's motion for default judgment, Defendants indicate that they assume the motion will be granted. *See* Doc. 20 at 2. Additionally, Defendants have not filed a response to the motion to amend. The local rules provide that the time to respond to a motion is fourteen days, and that the failure to "file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." D.N.M.LR-Civ. 7.4(a), 7.1(b). The motion was filed on June 27, 2011. The time for filing a response expired on July 11, 2011. Therefore, the Court will deem Plaintiff's motion to be unopposed.

**THEREFORE, IT IS ORDERED** that Plaintiffs' Motion for Default Judgment (Doc. 19) is hereby DENIED.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to Amend Complaint (Doc. 18) is GRANTED. Plaintiff shall file his amended complaint within **21 days** of this order. **Failure to timely file the amended complaint will result in the amended filing being stricken.**

**IT IS FINALLY ORDERED** that Defendants have **14 days** from the filing of the amended complaint to file their answer.

_____
UNITED STATES DISTRICT JUDGE