IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TRAVIS RYAN ROWLEY,

    **Plaintiff,**

v.                                         No.  10CV1182  WJ/GBW

APD DETECTIVE KEVIN MORANT,
APD DETECTIVE MICHAEL FOX,
APD DETECTIVE FRANK FLORES,
CHIEF OF POLICE RAY SCHULTZ,
The CITY OF ALBUQUERQUE, and
JASON MORALES,

    **Defendants.**

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT SCHULTZ' MOTION FOR SUMMARY JUDGMENT ON COUNT V OF PLAINTIFF'S FIRST AMENDED COMPLAINT

**THIS MATTER** comes before the Court upon Defendant, former Chief of the Albuquerque Police Department Ray Schultz' Motion to Dismiss or in the Alternative Motion for Summary Judgment, filed December 5, 2013 **(Doc. No. 125)**. Having considered the parties' briefs and the applicable law, the Court finds that Defendant's motion is well-taken and, therefore, is GRANTED.

### Background

Plaintiff Travis Rowley brings this suit against members of the Albuquerque Police Department ("APD") for actions related to Plaintiff's arrest for the murders of Tak and Pung Yi. Plaintiff alleges that Defendants coerced his confession to the murders, wrongfully initiated charges against him, and made defamatory statements about Plaintiff.  Defendant Schultz' Motion seeks the dismissal of the sole claim against him, Count V- defamation.  Defendant

Schultz argues that Plaintiff's Complaint fails to state a claim against him for defamation, or in the alternative, that he is entitled to summary judgment on the defamation claim.

Tak and Pung Yi, an elderly married couple, were murdered in their Northeast Albuquerque home in December of 2007. Plaintiff and his co-worker, Michael Lee, had been going door to door selling magazines in the Yi's neighborhood in the days prior to the murders. APD detectives investigating the murders interviewed Plaintiff and Lee several times in December of 2007. During one of the interviews, Plaintiff confessed to being inside the Yi's home during the murders. Plaintiff implicated Lee in the murders. Ultimately, Plaintiff confessed to striking Tak Yi on the head. Plaintiff also recounted various details about the murder scene that APD detectives believed only the murderer or someone who had been present at the scene would know. However, a number of Plaintiff's statements about the crime scene did not comport with what detectives observed at the scene.

Plaintiff was indicted for the murders on December 21, 2007 by a grand jury. After Plaintiff's indictment and subsequent arrest, additional information regarding the murders came to light. There was DNA evidence at the crime scene that in mid-2008 was matched to serial killer Clifford Bloomfield. Bloomfield subsequently confessed to murdering the Yi's. Even with the DNA evidence linking Bloomfield to the murders, the District Attorneys' Office proceeded with the charges against Plaintiff until March 2009 when it dropped the charges against Plaintiff and Lee and the pair was released from jail.

**Discussion**

**I.    Legal Standard**

Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.

Fed. R. Civ. Pro. 56(c); Martinez v. Beggs, 563 F.3d 1082, 1088 (10th Cir. 2009). The moving party bears the initial burden of showing an absence of evidence to support the nonmoving party's case. Id. Once that burden is met, the nonmoving party must put forth specific facts showing that there is a genuine issue of material fact for trial; he may not rest on mere allegations or denials in his own pleadings. Anderson v. Liberty Lobby, 477 U.S. 242, 256-57 (1986). In order to avoid summary judgment, the nonmoving party must put forth enough evidence that a reasonable jury could return a verdict in the nonmovant's favor. Id. at 249. A mere scintilla of evidence in the nonmovant's favor is not sufficient. Id. at 252.

## II. Defendant Schultz is Entitled to Summary Judgment on Count V

Defendants ask for dismissal under both Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 56. Since the Court is granting summary judgment on Count V, there is no need to consider arguments for dismissal under Rule 12(b)(6).

Plaintiff claims that on March 11, 2009, the day that Plaintiff and Lee were released from jail, Defendant Schultz told members of the press, "we stand by our work and we think this case will be resubmitted and eventually go to trial." See **(Doc. No. 25)**, ¶ 97. Defendant Schultz went on to state in response to a question regarding whether he thought Plaintiff and Lee were connected to the crime, "[w]e do, uh based on physical evidence and statements provided by them about the scene itself. We feel confident they were involved." See id. Plaintiff also claims that Defendant Schultz had reason to know his statements were false at the time he made them. Id., ¶ 98. Finally, Plaintiff claims that Defendant Schultz' allegedly defamatory statements caused him to suffer actually damages. Id., ¶ 99.

In order to state a claim for defamation, a plaintiff must establish the following elements:

    (1) The defendant published the communication;
    (2) The communication contains a statement of fact;

3

   (3) The communication was concerning the plaintiff;
   (4) The statement of fact was false; and
   (5) The communication was defamatory; and
   (6) The person[s] receiving the communication understood it to be defamatory; and
   (7) The defendant [knew that the communication was false or negligently failed to recognize that it was false] [or] [acted with malice]; and]
   (8) The communication caused actual injury to the plaintiff's reputation;
   9) The defendant abused [its] privilege to publish the communication.

NMRA, UJI 13-1002

  Based upon the parties' pleadings, it appears there is no dispute about the following elements of a defamation claim: 1) the allegedly defamatory statement was published; 2) it was concerning Plaintiff; and 3) it was defamatory and the audience understood it to be defamatory. Further, the Court finds based upon its own review of Plaintiff's allegations and the relevant case law that these elements are satisfied. Thus, the dispute centers around: 1) whether the statement was fact or opinion; 2) whether the statement was false and/or whether Defendant Schultz had reason to know it was false; and 3) whether the statements caused actual injury to Plaintiff's reputation.

  *Statement of opinion or fact*

  "To support a claim for defamation, the communication by defendant must contain a statement of fact. In contrast, statements of opinion alone cannot give rise to a finding of defamation." NMRA, UJI 13-1004. "However, an opinion which implies that it is based upon the existence of undisclosed facts is the same as a statement of fact." Id. New Mexico Uniform Jury Instructions state that when determining whether the communication is or contains a statement of fact, the Court should consider: 1)"[t]he entirety of the communication and the context in which the communication was made; and [(2)] [w]hether reasonable persons would be likely to understand the communication to be a statement of the defendant's opinion or a

statement of fact." Id. "New Mexico appears to be among the states requiring 'verifiability as the controlling element' in determining whether a statement is fact or opinion. Under this analysis, opinions are statements which cannot be proved or disproved." Moore v. Sun Pub. Corp., 1994-NMCA-104, 118 N.M. 375, 382, 881 P.2d 735, 742 (citation omitted). The New Mexico Uniform jury instructions and Moore reference the landmark case of Marchiondo v. Brown, 1982-NMSC-076, 98 N.M. 394, 404, 649 P.2d 462, 472. In Marchiando, the New Mexico Supreme Court described the proper role of the Court in determining whether a statement if fact or opinion:

> Where the statements are unambiguously fact or opinion, ... the court determines as a matter of law whether the statements are fact or opinion. However, where the alleged defamatory remarks could be determined either as fact or opinion, and the court cannot say as a matter of law that the statements were not understood as fact, there is a triable issue of fact for the jury.

Marchiondo, 98 N.M. at 404, 649 P.2d at 472 (citations and footnote omitted).

Although Plaintiff does not specifically argue that Defendant Schultz' first statement "we stand by our work and we think this case will be resubmitted and eventually go to trial" was defamatory, to the extent Plaintiff's defamation claim is based upon this statement, the Court finds Defendant is entitled to summary judgment on this aspect of Count V because it is a statement of opinion. Defendant Schultz makes no reference to specific facts upon which his opinion that this case will ultimately go to trial is based, thus it cannot stand as the basis for the defamation claim.

Turning to the next portion of the statement, Defendant Schultz argues that because the statement was made in response to a question about Defendant Schultz' opinion of whether Plaintiff was connected to the murders, it is a statement of opinion rather than fact. However, Defendant Schultz said he believed Plaintiff was connected to the murders "based upon physical

5

evidence and statements provided by [Plaintiff] about the scene itself." See **(Doc. No. 25)**, ¶ 97. Defendant Schultz' comment was clearly based upon the existence of specific facts, i.e. physical evidence and incriminating statements. Therefore the Court finds the statement, "[w]e do, uh based on physical evidence and statements provided by them about the scene itself." ( see id.), based upon the context in which the statement was made would lead a reasonable person to believe that Defendant Schultz was making a statement of fact, namely that Plaintiff was connected to the murders by physical evidence and incriminating statements about the scene. Further this statement can be proven true or false, either Plaintiff was linked by physical evidence and statements about the scene to the murders or he was not. Thus, Plaintiff's claims satisfy the "statement of fact element" for a defamation claim. The Court notes, however, that Defendant Schultz' statement regarding whether he thinks Plaintiff is guilty is an opinion rather than fact. See Larry v. Schmid, CIV. 09-663-AC, 2011 WL 7163040 (D. Or. Oct. 21, 2011) report and recommendation adopted sub nom. Larry v. Nisley, 3:09-CV-663-AC, 2012 WL 381244 (D. Or. Feb. 6, 2012) (holding that a defendant's statement that he was convinced the plaintiff was guilty of the charges against him was a statement of an opinion rather than fact).

*Whether the statements were false*

To support a claim for defamation, the asserted statement of fact must be false in a material way; insignificant inaccuracies are insufficient. See NMRA UJI13–1006 ("To support a claim for defamation, the communication must be false. One or more statements of fact in the communication must be false in a material way. Insignificant inaccuracies of expression are not sufficient."). In Franklin v. Blank, 86 N.M. 585, 525 P.2d 945 (Ct.App.1974), the Court of Appeals of New Mexico announced the converse of this rule, holding that a statement is not defamatory if it is substantially true: "It is not necessary to prove the literal truth of statements

6

made. Slight inaccuracies of expression are immaterial provided the defamatory charge is true in substance, and it is sufficient to show that the imputation is substantially true." 86 N.M. at 588, 525 P.2d at 948 (quoting Saleeby v. Free Press, 197 Va. 761, 763, 91 S.E.2d 405, 407 (1956)). See also Restatement (Second) of Torts § 581A, cmt. f ("Slight inaccuracies of expression are immaterial provided that the defamatory charge is true in substance."). The Supreme Court of the United States has likewise provided guidance on when a statement is substantially true:

> Minor inaccuracies do not amount to falsity so long as the substance, the gist, the sting, of the libelous charge [is] justified. Put another way, the statement is not considered false unless it would have a different effect on the mind of the reader from that which the pleaded truth would have produced.
>
> Masson v. New Yorker Magazine, Inc., 501 U.S. 496, 516–17, (1991)(internal quotations

and citations omitted).

There are two separate factual assertions in Defendant Schultz' allegedly defamatory statement, 1) that there was physical evidence linking Plaintiff to murders; 2) that Plaintiff made statements about the murders that were consistent with the crime scene. Defendants point to a number of statements made by Plaintiff that were consistent with the crime scene:

> [D]uring a discussion about a wallet, Plaintiff told Detectives that Lee had tossed the wallet in the house. The contents of the wallet had actually been scattered on the floor. Plaintiff told Detectives the bed looked like somebody had bounced off it. Family members reported that the bed was disheveled. Plaintiff told Detectives that Lee put a bag over Pung Yi's head. Pung Yi was actually found with a bag over her head. Plaintiff said Pung Yi appeared to have been wearing a nightgown. She was actually wearing a bathrobe. Plaintiff stated that Lee grabbed a glove from Tak Yi. A glove was actually found next to Yi's body. Plaintiff told Detectives the back sliding door of the Yis' house was open. The back door of the house was in fact a sliding door and was open.

**(Doc. No. 125)**, pp. 7-8.[1]

Plaintiff does not argue that the statements listed above were not his own statements, nor

---

[1] The Court omitted the citations included in Defendant's Motion. However, each of the facts set forth above was supported by citations to the factual record.

does he dispute the facts about the crime scene. Instead, Plaintiff argues that there were a number of inconsistencies between his confession and the crime scene. Further, Plaintiff states that at the time that Defendant Schultz made these factual assertions another suspect had confessed to the crime and had been linked to the murders by DNA evidence. Ultimately, Plaintiff argues that Defendant Schultz knew/should have known Plaintiff was innocent at the time of Defendant Schultz' allegedly defamatory statements.

Plaintiff misunderstands what is at issue in this case. Defendant Schultz' opinion of Plaintiff's guilt or innocence is just that, an opinion; his opinion cannot be defamatory. Thus, Plaintiff's attempts to show that it was unreasonable or otherwise wrong for Defendant Schultz to *believe* that Plaintiff was guilty in the face of the evidence, even overwhelming evidence, pointing to another suspect are irrelevant. The factual assertions that must be false in order to meet the defamation standard are whether Plaintiff made statements consistent with the crime scene and whether the physical evidence connected Plaintiff to the murders. Here, the undisputed facts show that Plaintiff made statements consistent with what detectives found at the crime scene and some of the physical evidence described by Plaintiff connected him with the murders. Therefore, Defendant Schultz's factual assertions were true. The Court need not decide whether overall the evidence points towards Plaintiff, only that Defendant Schultz was accurate in stating there was *some* evidence connecting Plaintiff with the murders. The fact that there was also some exculpatory evidence does not make Defendant Schultz' statements false. Accordingly, Defendant Schultz is entitled to summary judgment on Count V of Plaintiff's First Amended Complaint because the undisputed facts demonstrate that Plaintiff's defamation claim fails to meet the falsity requirement.[2]

---

[2] Although this was not an issue raised by the parties, whether falsity is part of Plaintiff's prima facie case or an affirmative defense for Defendants to prove turns on whether the statement was made about a matter of public

**THEREFORE, IT IS ORDERED**, that Defendant Ray Schultz' Motion to Dismiss or in the Alternative Motion for Summary Judgment **(Doc. No. 125)** is **GRANTED**.

**IT IS FURTHER ORDERED** that the claim against Defendant Schultz set forth in Count V of Plaintiff's First Amended Complaint is dismissed with prejudice.

_____
UNITED STATES DISTRICT JUDGE

---

concern. See NMRA, UJI 13-1006 (Directions for Use) citing Philadelphia Newspapers, Inc. v. Hepps, 475 U.S. 767, 776 (1986) (holding that the plaintiff, a private citizen, bears the burden of proving falsity when the statement is about a matter of public concern). The Court finds that the murders were a matter of public concern, thereby making falsity an element of Plaintiff's case. See Garcia-Montoya v. State Treasurer's Office, 2001-NMSC-003, ¶ 28, 130 N.M. 25, 36, 16 P.3d 1084, 1095 (defining matters of public concern as matters that can "be fairly considered as relating to any matter of political, social, or other concern to the community.") (citation omitted).