IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TRAVIS RYAN ROWLEY,

    **Plaintiff,**

v.                                                    Case No. 10CV1182  WJ/GBW

APD DETECTIVE KEVIN MORANT,
APD DETECTIVE MICHAEL FOX,
APD DETECTIVE FRANK FLORES,
CHIEF OF POLICE RAY SCHULTZ,
The CITY OF ALBUQUERQUE, and
JASON MORALES,

    **Defendants.**

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS COUNT VIII OF PLAINTIFF'S FIRST AMENDED COMPLAINT**

**THIS MATTER** comes before the Court upon Defendants' Motion to Dismiss Count VII or in the Alternative Motion for Summary Judgment, filed December 5, 2013 (**Doc. No. 124**). Having considered the parties' briefs and the applicable law, the Court finds that Defendant's motion is well-taken and, therefore, is GRANTED.

**Background**

Plaintiff Travis Rowley brings this suit against members of the Albuquerque Police Department ("APD") for actions related to Plaintiff's arrest for the murders of Tak and Pung Yi. Plaintiff alleges that Defendants coerced his confession to the murders, wrongfully initiated charges against him, and made defamatory statements about Plaintiff.

**Discussion**

**I.**    **Legal Standard**

Fed. R. Civ. P. 12(b)(6) allows a defense for "failure to state a claim upon which relief

can be granted." In asserting a claim, the claimant must plead "only enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim challenged by a 12(b)(6) motion to dismiss does not require detailed factual allegations, but must set forth "more than labels and conclusions, and a formulaic recitation of the element of a cause of action will not do." Id. at 555 "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the [claimant's] complaint alone is legally sufficient to state a claim for which relief may be granted." Sutton v. Utah State Sch. for the Deaf & Blind, 173 F.3d 1226, 1236 (10th Cir. 1999). A 12(b)(6) motion should not be granted "unless it appears beyond doubt that the [claimant] can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45–46 (1957); see Ash Creek Mining Co. v. Lujan, 969 F.2d 868, 870 (10th Cir.1992). All well-pleaded factual allegations in the complaint are accepted as true, see Ash Creek Mining Co., 969 F.2d at 870, and viewed in the light most favorable to the nonmoving party, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## II.     Defendants are Entitled to Dismissal of Count VIII

Defendants ask for dismissal of Count VIII under both Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 56. However, because the Court finds that Count VIII is subject to dismissal under Fed. R. Civ. P. 12(b)(6), it need not address the summary judgment motion.

Count VIII sets forth a claim for equitable relief in regards to Defendants' alleged defamation of Plaintiff. Plaintiff alleges that Defendants have published and are continuing to publish slanderous statements about Plaintiff's involvement in the murders. Plaintiff claims that these defamatory statements have hurt his reputation and potential job prospects on numerous occasions. Plaintiff also states that when one searches his name on an internet search engine,

multiple links appear regarding his connection with the murders. Plaintiff requests that the Court issue an injunction:

> enjoining further defamation, ordering defendants to publicly retract false statements and/or confirm his exoneration in writing. Mr. Rowley requests the Court order defendants to pay for the cost of advertising necessary to counter the erroneous impressions made by their past false defamatory statements whenever those statements appear as results on internet search engines. For a period of years, the first three items that appear on the internet should be the published exoneration ordered by the Court, and payment can assure these items are "on top", so that future prospective employers and universities will see the exoneration, and read the rest with that in mind.

**(Doc. No. 25)**, ¶ 104.

Preliminarily, the Court must express its serious concerns with the breadth of Plaintiff's request. His request that the first three "hits" on a search engine be related to Defendants' retraction of their statements is preposterous. Defendants have no control over how search engines organize their search results. Although Plaintiff argues that these top results positions can be paid for by Defendants, the Court sees this as an extremely unreasonable request. Further, Plaintiff's requested injunctive relief conflicts with the prohibition against prior restraint on speech. Finally, the Court has its doubts as to whether a public retraction of the defamatory statements would afford Plaintiff any relief considering, as Plaintiff admitted, that the links about Plaintiff's connection to the murders would remain available on the internet for anyone to view.

In any event, the Court cannot order the relief requested even if it were reduced to a more reasonable parameter, because the Court has already determined that were no underlying defamatory statements. The Court granted Defendants summary judgment on Plaintiff's defamation claim, Count V of Plaintiff's First Amendment Complaint. <u>See</u> **(Doc. No. 166)**, Memorandum Opinion and Order Granting Defendant Schultz Summary Judgment on Count V of Plaintiff's First Amendment Complaint, entered on April 24, 2014. In order for Plaintiff to be

entitled to relief from defamation, there must have been defamation in the first place, and the Court has already determined that Chief Schultz did not make defamatory statements.  <u>See id.</u>  Although Plaintiff's Complaint generally references statements by "Defendants" or "Defendant Detectives", the only defendant specifically identified is Defendant Schultz.  Plaintiff does not identify any other defendant by name nor does he indicate what other allegedly defamatory statements were made concerning Plaintiff.   Accordingly, Plaintiff has no viable defamation claims remaining, and therefore is not entitled to *any* relief, let alone equitable relief for defamation.

Having determined that the evidence demonstrates Defendant Schultz' statements were true, the Court need not address whether Count V as set forth in Plaintiff's First Amended Complaint meets the standard for Fed. R. Civ. P. 12(b)(6).

**THEREFORE, IT IS ORDERED**, that Defendants' Motion to Dismiss Count VIII or in the Alternative Motion for Summary Judgment **(Doc. No. 124)** is **GRANTED**.

**IT IS FURTHER ORDERED** that Count VIII of Plaintiff's First Amended Complaint, request for equitable relief, is hereby dismissed with prejudice.

_____
UNITED STATES DISTRICT JUDGE