IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TRAVIS RYAN ROWLEY,

    Plaintiff,

V.                                              Case No. 10CV1182   WJ/GBW

APD DETECTIVE KEVIN MORANT,
APD DETECTIVE MICHAEL FOX,
APD DETECTIVE FRANK FLORES,
CHIEF OF POLICE RAY SCHULTZ,
The CITY OF ALBUQUERQUE, and
JASON MORALES,

    Defendants.

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO STRIKE REPLY OR IN THE ALTERNATIVE MOTION FOR LEAVE TO FILE SUPPLEMENTAL PLEADING**

**THIS MATTER** comes before the Court upon Plaintiff's Motion to Strike Reply or in the Alternative Motion for Leave to File Supplemental Pleading, filed June 2, 2014 **(Doc. No. 178)**. Having considered the parties' briefs and the applicable law, the Court finds that Plaintiff's motion is not well-taken and, therefore, is DENIED.[1]

### Background

Plaintiff Travis Rowley brings this suit against members of the Albuquerque Police Department ("APD") for actions related to Plaintiff's arrest for the murders of Tak and Pung Yi.

---

[1] The Court had originally indicated that it would hear oral argument on this Motion at the hearing on Defendants' Motion for Summary Judgment Based Upon Qualified Immunity. See **(Doc. No. 181)** (indicating the Court would hear argument on the Motion to Strike on July 1, 2014). However, because Plaintiff submitted his Reply in Support of the Motion to Strike before he was required to and this Motion is now fully briefed, the Court finds that additional argument is unnecessary. Accordingly, the Court will only hear argument regarding Defendants' Motion for Summary Judgment at the July 1st hearing. However, the Court will make inquiry of Plaintiff's counsel regarding his newly raised contention that Defendants provided inaccurate or "falsified" copies of the videos of Plaintiff's interrogation.

Tak and Pung Yi, an elderly married couple, were murdered in their Northeast Albuquerque home in December of 2007. Plaintiff and his co-worker, Michael Lee, had been selling magazines door to door in the Yi's neighborhood in the days prior to the murders. APD detectives investigating the murders interviewed Plaintiff and Lee several times in December of 2007. During one of the interviews, Plaintiff confessed to being inside the Yi's home during the murders. Plaintiff then implicated Lee in the murders. Plaintiff subsequently confessed to striking Tak Yi on the head. Plaintiff also recounted various details about the murder scene that APD detectives believed only someone who had been present during the murders would know. However, a number of Plaintiff's statements about the crime scene did not comport with what detectives observed at the scene.

The Second Judicial District Attorney's Office charged Plaintiff with the murders, and on December, 21, 2007, a grand jury indicted him. After Plaintiff's indictment and subsequent arrest, additional information regarding the murders came to light. There was DNA evidence at the crime scene that in mid-2008 was matched to serial killer Clifford Bloomfield. Bloomfield later confessed to murdering the Yi's. Even with the DNA evidence linking Bloomfield to the murders, the District Attorneys' Office proceeded with the charges against Plaintiff until March 2009 when it ultimately dropped the charges against Plaintiff and Lee and the pair was released from jail.

Defendants filed a Motion for Summary Judgment Based Upon Qualified Immunity **(Doc. No. 122)**. Plaintiff filed his Response to Defendant's Motion on March 18, 2014 **(Doc. No. 147)**, but Plaintiff subsequently filed an Amended Response on April 6, 2014 **(Doc. No. 152)**. Parties specifically stated to the Court that Plaintiff's Amended Response would govern and that Defendants would only reply to Plaintiff's Amended Response. See **(Doc. No. 167)**,

Stipulation, filed April 29, 2014. On May 12, 2014, Defendants filed a Reply in support of their Motion, **(Doc. No. 169)**. With the instant Motion, Plaintiff originally asked the Court to strike Defendants' Reply in Support of their Motion for Summary Judgment because Defendants' Reply allegedly addressed issues that were not raised in either the Motion or Response. However, in his Reply, Plaintiff withdrew his request for the Court to Strike Defendants' Reply. See **(Doc. No. 182)**. Plaintiff's Reply now asks the Court to grant the alternative relief requested in his Motion, that he be permitted to supplement his Response. Plaintiff sets forth three bases for his request to supplement: 1) to allow Plaintiff to address the Supreme Court's recent decision in Plumoff v. Rickard, 134 S. Ct. 2012 (2014). which Plaintiff claims affects the legal standard which should be applied to Plaintiff's claims; 2) to allow Plaintiff to cure deficiencies in his Response pointed out by Defendants in their Reply; and 3) to allow Plaintiff to address facts and arguments allegedly raised by Defendants for the first time in their Reply.[2]

## Discussion

### I. Legal Standard

While Plaintiff captions the instant motion as a request for a "supplemental response," he actually seeks the Court's leave to file a surreply under D.N.M.LR-Civ. 7.4(b), contending that Defendants raised new grounds for the first time in their reply. See D.N.M. LR-Civ 7.4 (b) (noting that the filing of the surreply requires the leave of the Court). Where a reply contains new material or argument, courts must either refrain from relying on the new material or argument in ruling on the motion, or permit a surreply. See Beaird v. Seagate Tech., Inc., 145 F.3d 1159 (10th Cir. 1998). A reply that simply "points out the defects" in the response does not

---

[2] While the Motion to Strike was pending, Plaintiff on his own initiative filed a Supplement to his Response **(Doc. No. 180)**. Because the Court had not yet given Plaintiff leave to supplement his Response, the Court struck the pleading from the docket. See **(Doc. No. 181)**, Order Striking Plaintiff's Supplement. The Court did not consider any of the material presented in the Supplement, including the "Moya Affidavit" which was attached as an exhibit to Doc. No. 180 that Plaintiff referenced in his Reply in Support of the Motion for Summary Judgment.

introduce new material.  See Green v. New Mexico, 420 F.3d 1189, 1196-97 (10th Cir. 2005). The district court has discretion to decide whether or not to allow a surreply, and its decision will only be overturned if it abuses that discretion.  Beaird, at 1164.

## II. Plaintiff Fails to Point to Any New Material that Defendants Raised for the First Time in Their Reply

In his Motion, Plaintiff separates his argument into different headings.  The Court will address each of the headings in turn.  Under several of these headings, specifically "break in custody" and "use of statements in a criminal case", Plaintiff does not even attempt to demonstrate what new evidence or arguments Defendants raised in their reply brief.  Instead, Plaintiff simply reargues the merits of his case.  Thus, the Court does not find that these sections fail to show that Plaintiff requires a surreply.  Plaintiff also references Defendants' allegation that Plaintiff voluntarily agreed to speak with officers.  It is unclear, however, whether Plaintiff is contending that this is a "new argument."  Nevertheless, Defendants' Motion prominently featured the argument that Plaintiff voluntarily spoke with officers.  See **(Doc. No. 122)**, p. 6. Thus, to the extent that Plaintiff is contending this is an issue only addressed in Defendants' Reply, that argument fails.

Plaintiff's Motion features a heading titled "Lateness."  In their Reply, Defendants claim that in his Response, Plaintiff raised for the first time a claim that Defendants violated his Miranda rights during questioning because he asked for a lawyer.  Inexplicably, Plaintiff argues that Defendants have introduced new legal argument by stating that *Plaintiff's* new claim was improper.  However, it was Plaintiff who introduced a new claim or as Plaintiff calls it a "new undisputed fact" regarding a potential Miranda violation.  The Court is at a loss to comprehend how Plaintiff can argue that Defendants somehow committed misconduct by addressing Plaintiff's argument in their Reply.  The "lateness" issue is not a newly raised issue as Plaintiff

contends. Because Plaintiff's Motion was solely a request to supplement, the Court will not address Plaintiff's substantive arguments regarding his Miranda violation claim. The Court will rely on the briefing regarding the Motion for Summary Judgment in regards to that issue.

Plaintiff next launches into an extensive argument about the Yi's time of death. This is a hotly contested issue that both sides addressed at length in their briefing on the Motion for Summary Judgment. In the instant Motion, Plaintiff simply reiterates the arguments about the time of death he previously raised in his Response to the Motion for Summary Judgment. Plaintiff does not identify any additional evidence or argument that Defendants raised for the first time in their Reply regarding the time of death. Thus, Plaintiff's "time of death" section fails to establish the need for a surreply.

Plaintiff also claims that Defendants repeatedly misrepresent the facts surrounding Plaintiff's alibi for the time of the murders. Yet again this section of Plaintiff's Motion is completely devoid of a demonstration of new evidence submitted by Defendants and is simply an on-the-merits argument about urging the Court to deny Defendants' Motion for Summary Judgment. In Johnson v. Yates, 39 F.3d 1192 (10th Cir. 1994) (unpublished), the defendant moved the Tenth Circuit for leave to file a surreply in order to correct the plaintiffs' alleged factual misstatements in their reply. See id.,*3. The Court finds the Tenth Circuit's response to this request particularly fitting, "the court has reviewed the [factual record] and is not in need of instruction on how to read [it]. Therefore, the motion to file a surreply brief is denied." Id.

Finally, fifteen pages into the Motion, Plaintiff identifies a "new argument" raised by Defendants concerning collateral estoppel. Plaintiff admits that Defendants argued in their Motion for Summary Judgment that Plaintiff is collaterally estopped from arguing his confession was coerced because the state court judge in the criminal case denied Plaintiff's Motion to

5

Suppress his confession.  However, Plaintiff asserts that Defendants raised an entirely new issue in their Reply by asserting that Plaintiff could have sought an interlocutory appeal from the state court's order but chose not to.  Plaintiff is incorrect; he clearly raised the issue of the right to appeal in regards to whether a judgment is final for the purposes of collateral estoppel in his Response brief.  See **(Doc. No. 152)**, Plaintiff's Response to Defendants' Motion for Summary Judgment, at p. 42, (citing persuasive authority for the proposition that absent a right to appeal a judgment is not final for collateral estoppel purposes and claiming that Plaintiff had no right to appeal the criminal court's denial of the motion to suppress until a conviction was entered).  In their reply brief, Defendants simply challenged Plaintiff's assertion that he had no right to appeal the state court's order by alleging that Plaintiff could have sought an interlocutory appeal of the order.  Plaintiff objects that Defendants replied to the right to appeal issue by citing to the very same statute cited by Plaintiff in his Response.  Compare  **(Doc. No. 152)**, at p. 43 (citing NMSA 39-3-3(A)(2)) with **(Doc. No. 169)** at p. 49 (citing NMSA 1978 39-3-3(A)).  Plaintiff provides no support for his conclusory statement that Defendants' interlocutory appeal argument was somehow "new" even though Plaintiff raised the right to appeal issue in his Response and cited the same statute that Defendants addressed in their Reply.   Plaintiff states that it "did not occur" to him that he could have sought an interlocutory appeal.  However, whether or not he thought of it when writing his Response, it was fair game for Defendants to address in their reply.  See Green v. New Mexico, 420 F.3d 1189, 1196-97 (10th Cir. 2005) (noting that the defendant did not raise any new legal arguments in its reply when the reply simply pointed out the defects in the plaintiff's response).

Plaintiff failed to identify any issues that Defendants raised in their Reply that was not addressed in the Motion or the Response.  In fact, Plaintiff made little effort to identify the

"new" arguments, and the Court will not sift through the record to determine if there are any that Plaintiff failed to address. See Locke v. Grady Cnty., 437 F. App'x 626, 633-34 (10th Cir. 2011) (affirming the district court's denial of plaintiff's request for a surreply where the plaintiff "made little effort to demonstrate which evidence and arguments were new" and stating the Court "decline[d] to sift through the district court file to ascertain whether the reply included new material."). Thus, Plaintiff is not entitled to file a surreply on the basis that Defendants raised new material in their Reply.

### IV. Plaintiff is not Entitled to a Surreply to Correct the Defects in his Response

Defendants argued in their Reply that Plaintiff failed to comply with this Court's local rules detailing the format for pleadings regarding motions for summary judgment. Namely, Defendants asserted that Plaintiff's Response did not comport with D.N.M. LR- Civ 56.1(b). The rule provides, "[a] party opposing the motion must file a written memorandum containing a short, concise statement of the reasons in opposition to the motion with authorities." D.N.M. LR- Civ 56.1(b). "The Response must contain a concise statement of the material facts cited by the movant as to which the non-movant contends a genuine issue does exist." Id. "Each fact in dispute must be numbered, must refer with particularity to those portions of the record upon which the non-movant relies, and must state the number of the movant's fact that is disputed." Id. "All material facts set forth in the Memorandum will be deemed undisputed unless specifically controverted." Id. "The Response may set forth additional facts other than those which respond to the Memorandum which the non-movant contends are material to the resolution of the motion. Each additional fact must be lettered and must refer with particularity to those portions of the record upon which the non-movant relies." Id. The Court agrees with Defendants' contention; Plaintiff's response did not address each of Defendants' "undisputed

material facts" by number nor did Plaintiff letter his additional facts. Plaintiff stated that he should be allowed to supplement his Response, because this failure can be easily remedied. The Court is not persuaded by this argument. Plaintiff was well aware of the local rules dictating the format of responses to motions for summary judgment prior to filing his Response. The Court will not give Plaintiff a second bite at the apple simply because he failed to comply with the local rules. Furthermore, the Court has begun reviewing the briefing on the Motion for Summary Judgment and has already expended considerable time and energy reviewing the pleadings in this case. The Court is not inclined to start a new with a supplemental Response.

### V.    Plaintiff Does not Need a Surreply to Address Plumoff v. Rickard

Plaintiff's final proffered reason for requiring a supplement is the United States Supreme Court's recent decision in Plumhoff v. Rickard, 134 S. Ct. 2012 (2014).[3] Plaintiff claims that the Supreme Court introduced a revolutionary standard in qualified immunity cases that a right is clearly established if a "robust consensus of cases" established that right. Plaintiff claims that this "change in the law" necessitates a supplement, because Plaintiff can now establish a "robust consensus of cases" clearly established that Plaintiff's rights were violated by Defendants.

Plaintiff's argument has no merit. The Supreme Court's language surrounding the "robust consensus" standardbelies Plaintiff's assertion that this is a departure from previous precedent. In fact, the Supreme Court in Plumhoff was directly quoting from a previous Supreme Court case when using the "robust consensus" language. Plumhoff v. Rickard, 134 S. Ct. 2012, 2023 (2014) (quoting Ashcroft v. al-Kidd, 131 S. Ct. 2074, 2084, 179 L. Ed. 2d 1149 (2011)). Plaintiff is overextending the Supreme Court's holding by alleging that Plumhoff is an authority that *must* be addressed by the parties. Furthermore, Plaintiff only mentions Plumhoff briefly during the

---

[3] The Court acknowledges that qualified immunity cases involving certain factual scenarios will no doubt be impacted by Plumhoff. However, as Plaintiff admits, the facts in Plumhoff are inapposite to the facts of the instant matter.

8

first few pages of his Motion and does not attempt to incorporate the case into the "new analysis" he provided on his issue concerning constitutional right to counsel and his issue concerning false statements in the arrest warrant affidavit, the two issues purportedly affected by the Supreme Court's decision.  Even prior to Plumhoff, it was clear that a consensus of cases, even of non-binding precedent, would have been enough to demonstrate that Plaintiff's rights were clearly established and would have overcome Defendants' assertion of the qualified immunity defense.  Therefore, the Court will not entertain Plaintiff's "new arguments" based upon Plumhoff because these are arguments he could have, and should have, made in Plaintiff's original Response.

## Conclusion

The Court finds that there is no reason to allow Plaintiff to supplement his Response or file a surreply, because all of the issues raised by Plaintiff as reasons to allow him to supplement are issues that Plaintiff was aware of when he originally filed his Response.  Plaintiff's Motion is unconvincing.  Although the introduction to the Motion alleges that Defendants presented new evidence for the first time in their Reply and that a new Supreme Court case demanded a new look at the legal standard, the body of the Motion does not deliver what is advertised in the introduction.  Plaintiff utterly fails to point to previously unmentioned evidence or argument raised by Defendants in their Reply.  Additionally,  Plaintiff's "new standard" for qualified immunity addressed in a recent Supreme Court case is a direct quote from a case that is three years old, certainly not revolutionary.  Thus, Plaintiff shall not be given leave to file a surreply.  Further, the Court finds it necessary to mention that it will not consider the additional arguments that Plaintiff raised in his Motion to Strike about the merits of the Motion for Summary Judgment.

**THEREFORE, IT IS ORDERED**, that Plaintiff's Motion to Strike Reply or in the

Alternative Motion for Leave to File Supplemental Pleading **(Doc. No. 178)** is **DENIED**.

_____
UNITED STATES DISTRICT JUDGE