IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TRAVIS RYAN ROWLEY,

    **Plaintiff,**

v.                                                                                                      No. 10CV1182  WJ/GBW

APD DETECTIVE KEVIN MORANT,
APD DETECTIVE MICHAEL FOX,
APD DETECTIVE FRANK FLORES,
CHIEF OF POLICE RAY SCHULTZ,
The CITY OF ALBUQUERQUE, and
JASON MORALES,

    **Defendants.**

### MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT CITY'S MOTION TO DISMISS

**THIS MATTER** comes before the Court upon Defendant City of Albuquerque's Motion to Dismiss, filed December 5, 2013 (**Doc. No. 123**). Having considered the parties' briefs and the applicable law, the Court finds that Defendant's motion is well-taken and, therefore, is GRANTED.

### Background

Plaintiff Travis Rowley brings this suit against members of the Albuquerque Police Department ("APD") for actions related to Plaintiff's arrest for the murders of Tak and Pung Yi. Plaintiff alleges that Defendants coerced his confession to the murders, wrongfully initiated charges against him, and made defamatory statements about Plaintiff. Defendant City of Albuquerque ("Defendant City") seeks the dismissal of Counts I and II of Plaintiff's First Amended Complaint which allege that Defendant City violated his Fourth and Fourteenth

Amendment rights, respectively.[1] Defendant City argues that because there was no underlying violation by its employees, it cannot be held liable. In the alternative, Defendant City alleges that Plaintiff's Complaint fails to identify a municipal policy or custom that caused the deprivation of Plaintiff's constitutional rights.

**Discussion**

**I.      Legal Standard for Motion to Dismiss**

Fed. R. Civ. P. 12(b)(6) allows a defense for "failure to state a claim upon which relief can be granted." In asserting a claim, the claimant must plead "only enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim challenged by a 12(b)(6) motion to dismiss does not require detailed factual allegations, but must set forth "more than labels and conclusions, and a formulaic recitation of the element of a cause of action will not do." Id. at 555 "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the [claimant's] complaint alone is legally sufficient to state a claim for which relief may be granted." Sutton v. Utah State Sch. for the Deaf & Blind, 173 F.3d 1226, 1236 (10th Cir. 1999). A 12(b)(6) motion should not be granted "unless it appears beyond doubt that the [claimant] can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45–46 (1957); see Ash Creek Mining Co. v. Lujan, 969 F.2d 868, 870 (10th Cir.1992). All well-pleaded factual allegations in the complaint are accepted as true, see Ash Creek Mining Co., 969 F.2d at 870, and viewed in the light most favorable to the nonmoving party, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

---

[1] The instant motion does not address the state law claims against Defendant City.

**II.        Law Regarding Municipal Liability**

A municipality may not be held liable under Section 1983 simply because it employs a person who violated a plaintiff's federally protected rights. <u>Monell v. New York City Dep't of Social Servs</u>., 436 U.S. 658, 694, (1978). Rather, a municipality may only be held liable under Section 1983 for its own unconstitutional or illegal actions.  <u>Board of County Commissioners of Bryan County, Okl. v. Brown,</u> 520 U.S. 397, 404 (1997).  To establish municipal liability, a plaintiff must show (1) the existence of a municipal custom or policy and (2) a direct causal link between the custom or policy and the violation alleged. <u>City of Canton v. Harris</u>, 489 U.S. 378, 385 (1989).  "[H]owever, it is not enough for a § 1983 plaintiff merely to identify conduct properly attributable to the municipality. The plaintiff must also demonstrate that, through its *deliberate* conduct, the municipality was the "moving force" behind the injury alleged. That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability." <u>Brown</u>, 520 U.S. at 404.  More specifically, the Tenth Circuit has recognized that a municipality can be liable under § 1983 if the "final policymaker" takes the unconstitutional action.   <u>Melton v. City of Oklahoma City,</u> 879 F.2d 706, 724 (10th Cir.1989), <u>rev'd en banc in part on other grounds</u>, 928 F.2d 920 (10th Cir.1991). There are two situations where municipal liability may be found liable even though the action is taken by an individual other than the final policymaker. <u>Id.</u> First, "'egregious attempts by local government to insulate themselves from liability for unconstitutional policies' will be precluded if the plaintiff establishes 'the existence of a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law.'" <u>Id.</u> (quoting <u>City of St. Louis v. Praprotnik</u>, 485 U.S. 112, 127 (1988)).  In addition, if a subordinate's position is subject to review by the municipality's authorized policymakers and the authorized policymakers approve a subordinate's decision and the basis for it, their ratification

3

will be chargeable to the municipality. Id. Ordinarily, "[p]roof of a single incident of unconstitutional activity is not sufficient to impose [municipal] liability." Butler v. City of Norman, 992 F.2d 1053, 1055 (10th Cir.1993). "To infer the existence of a city policy from the isolated misconduct of a single, low-level officer, and then to hold the city liable on the basis of that policy, would amount to permitting precisely the theory of strict *respondeat superior* liability rejected in Monell." City of Canton, Ohio v. Harris, 489 U.S. 378, 399-400 (1989). In the case where a plaintiff seeks to impose municipal liability on the basis of a single incident, the plaintiff must show the particular illegal course of action was taken pursuant to a decision made by a person with authority to make policy decisions on behalf of the entity being sued. Pembaur v. City of Cincinnati, 475 U.S. 469, 483-85 (1986); Butler, 992 F.2d at 1055 (the plaintiff must prove the single incident was "caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker").

### III. Plaintiff's Complaint Fails to State a Municipal Liability Claim

Defendant City's first basis for the dismissal of the municipal liability claims is that Plaintiff has failed to prove that there was an underlying constitutional violation. See Ellis ex rel. Estate of Ellis v. Ogden City, 589 F.3d 1099, 1104 (10th Cir. 2009) ("However, liability will not attach "where there was no underlying constitutional violation by any of [the municipality's] officers.") (citation omitted). The Court has issued an Order granting the individual defendants qualified immunity on the constitutional claims. See **(Doc. No. 188)**. However, as stated in the Order, the Court will be entertaining a Motion to Reconsider the decision on qualified immunity. Therefore, the Court will not rely on the assertion that there was no underlying violation as a basis for dismissing the municipal liability claims at this point, because the Court's ruling on

qualified immunity may change.[2] Accordingly, the Court will only consider Defendant City's argument that Plaintiff failed to otherwise allege a viable municipal liability claim. If the Court's previous ruling on qualified immunity stands, certainly Defendant City would be entitled to dismissal of the municipal liability claims because there is no underlying violation.

Although Counts I and II are captioned as being alleged against Defendant City, there are no specific factual allegations under Counts I or II regarding municipal liability. This is not fatal to Plaintiff's municipal liability claims, however, because the Court may consider all of the facts alleged in the Complaint. The factual allegations made by Plaintiff regarding municipal liability include:

1. "Any reasonably competent supervisor reviewing the materials collected by Morant, Morales, Fox, and Flores that this time line would have, should have, seen that the documents and dates provided an ironclad alibi for Mr. Rowley and Mr. Lee." See **(Doc. No. 25)**, Plaintiff's First Amended Complaint, ¶ 30.

2. "APD Detectives have established a pattern and practice of using such methods to try to gain confessions and incriminating statements regardless of physical evidence." Id., ¶ 41.

3. "No APD supervisor followed up with any effort whatsoever to react to Michael Lee's demand that APD get his DNA tested, do their jobs, and go investigate the case." Id., ¶ 43.

4. Plaintiff alleges that in addition to Plaintiff's confession, APD coerced Mr. Lee into confessing and attempted to coerced Mr. Bloomfield into implicating Plaintiff and Lee. Id., ¶11. Plaintiff also refers to Peirce v. City of Albuquerque, D-202-CV-201001030, a case in which the plaintiffs alleged that had the defendants in the instant case, properly investigated the double homicide, a third murder by Bloomfield would have been prevented. Id.

---

[2] Because the Court is not relying on the argument that there was no underlying violation, it will not reconsider its decision on the municipal liability claims even if it ultimately alters its decision on qualified immunity.

5. Chief Schultz stated in regards to the investigation into Plaintiff and Lee's involvement in the Yi's murders that, "we stand by our work." Id., ¶80.

Plaintiff did not point a written policy that led to the alleged constitutional violation. Instead, Plaintiff argues that there is a widespread practice that should be treated as though it were a written policy. The Court agrees with Defendant City that the conclusory statement regarding a pattern and practice is not sufficient to state a claim for municipal liability. Plaintiff must set forth specific facts which make these allegations "plausible." See Vialpando v. Ritter, 52 F.3d 339 (10th Cir. 1995) (requiring "[a]n allegation of facts pointing to the customary use of unconstitutional practice "so as to indicate an unarticulated [municipal] policy authorizing or encouraging such use" would also state a claim of municipal liability" on a motion to dismiss); Twombly, 550 U.S. at 570 (Plaintiff must provide facts that a claim for relief "plausible"). The Court further notes that APD supervisors' failure to "follow up" with the investigating detectives is not enough for municipal liability. See Butler v. City of Norman, 992 F.2d 1053, 1056 (10th Cir. 1993) ("Furthermore, "we cannot hold that the failure of a police department to discipline in a specific instance is an adequate basis for municipal liability under Monell."). Defendant City also correctly notes that the mere fact that a lawsuit was filed without any mention of the disposition of the lawsuit or whether the City was found to have violated any rights does not establish a pattern and practice. In his Response, Plaintiff introduces a number of additional cases where APD allegedly coerced suspects into confessing. However, these other instances were not referred to in Plaintiff's Complaint. Therefore, the Court cannot rely upon these additional factual allegations in deciding the Motion to Dismiss. Further, even if the Court were to take judicial notice of the fact that other lawsuits have been filed alleging similar violations, the presence of other lawsuits does not establish a custom or policy absent information regarding the disposition of those other lawsuits.

The Court next turns to the number of the allegations that deal solely with the investigation into the Yi murders. The Tenth Circuit has noted "that proof of a single incident of unconstitutional activity is ordinarily not sufficient to impose municipal liability." Moss v. Kopp, 559 F.3d 1155, 1169 (10th Cir. 2009).[3]  "[A]nd where a plaintiff seeks to impose municipal liability on the basis of a single incident, the plaintiff must show the particular illegal course of action was taken pursuant to a decision made by a person with authority to make policy decisions on behalf of the entity being sued." Id.  Here, Plaintiff's allegations about the failure to follow up on DNA evidence and other actions relating solely to a single incident do not specifically reference a policymaker.  Instead Plaintiff simply alleges that either an APD supervisor or employee committed an unconstitutional act.  Plaintiff alleges in his Response that a final policymaker ratified this decision.  This allegation was not contained in the Complaint.  Further Plaintiff fails to identify with specificity which policymaker ratified these actions.  This is simply not enough to establish municipal liability based upon a single incident.

The only allegation that concerns a policymaker is Chief Schultz'[4] remark to the media when questioned about the investigation into Plaintiff and Lee that "we stand by our work." However, the fact that Chief Schultz later approved of the investigation does not mean that the "particular illegal course of action was taken pursuant to a decision made by a person with authority to make policy decisions." Id.; see also id, at 1169 ("Further, [Plaintiffs] are alleging that [the municipality] should be liable on the basis of this single incident, but do not allege the

---

[3]  Although Plaintiff's allegations involve the actions of several individuals, the entire Yi investigation is considered to be a single incident. See Connick v. Thompson, 131 S. Ct. 1350, 1360, n.7 179 L. Ed. 2d 417 (2011) (rejecting the plaintiff's argument that because more than one official participated in the alleged violation there was evidence of more than one incident and noting, "contemporaneous or subsequent conduct cannot establish a pattern of violations that would provide 'notice to the cit[y] and the opportunity to conform to constitutional dictates.'") (citation omitted).

[4] "Whether an individual possesses final policymaking authority is a legal issue to be determined by the court based on state and local law." Hollingsworth v. Hill, 110 F.3d 733, 743 (10th Cir. 1997) (citation omitted). Plaintiff does provide legal or factual argument in support of his contention that Chief Schultz is a policy maker in this instance. However, the Court assumed *arguendo* that he was for the purpose of this motion.

incident occurred pursuant to a decision made by [a policy maker].") Plaintiff has failed to allege in any non-conclusory manner that the violation of his constitutional rights was done pursuant to a decision by a policymaker. Plaintiff has failed to demonstrate involvement of policymakers rather than the "isolated misconduct of [] low-level officer[s], and [thus] to hold the city liable on the basis of that policy, would amount to permitting precisely the theory of strict *respondeat superior* liability rejected in Monell." Harris, 489 U.S. at 399-400.

Thus, the Court holds that Plaintiff has failed to allege facts in support of his bare assertion that a custom or policy existed or that the violation of his constitutional rights was pursuant to a decision by a policy maker, and dismissal of the municipal liability claims is therefore proper. See Vialpando, (requiring "[a]n allegation of facts pointing to the customary use of unconstitutional practice "so as to indicate an unarticulated [municipal] policy authorizing or encouraging such use" would also state a claim of municipal liability" on a motion to dismiss); Norton v. Vill. of Corrales, 103 F.3d 928, 934 (10th Cir. 1996) ("Plaintiffs' complaint failed to sufficiently allege facts that would support a finding of a Village policy or custom violative of plaintiffs' due process or equal protection rights. We therefore affirm dismissal of the Village.").

**THEREFORE, IT IS ORDERED**, that Defendant City of Albuquerque's Motion to Dismiss **(Doc. No. 123)** is **GRANTED**.

**IT IS FURTHER ORDERED**, that the constitutional claims against Defendant City of Albuquerque set forth in Counts I and II of Plaintiff's First Amended Complaint are dismissed.

_____
UNITED STATES DISTRICT JUDGE